UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH RAYMOND, Individually and on behalf of all others similarly situated<br>4460 Timberglen Drive, Apartment 8<br>Batavia, Ohio 45103 | : : : | CASE NO.: 1-15-cv-00559<br><br>JUDGE: |
| and | : | |
| TIMOTHY STRUNK, Individually and on behalf of all others similarly situated<br>2780 Lindale-Mt. Holly, Lot 20<br>Amelia, Ohio 45102 | : : | |
| Plaintiffs | : | |
| vs. | : | **COMPLAINT WITH CLASS ACTION ALLEGATIONS AND JURY DEMAND** |
| AVECTUS HEALTHCARE SOLUTIONS, LLC<br>A.K.A. MEDPAY ASSURANCE LLC<br>503 Cruise Street<br>Corinth, Mississippi 38834 | : : : : | |
| Registered Agent:<br>    CT Corporation System<br>    1300 East Ninth Street<br>    Cleveland, Ohio 44114 | : : | |
| and | : | |
| MERCY HEALTH<br>4600 McAuley Place<br>Cincinnati, Ohio 45242 | : : | |
| Registered Agent:<br>    Michael Bezney<br>    615 Elsinore Place<br>    Cincinnati, Ohio 45202 | : : : | |
| Defendants | : : | |

Now come plaintiffs, Keith Raymond and Timothy Strunk, on behalf of themselves and all others similarly situated, by and through counsel, and for their cause of action, state as follows:

## **INTRODUCTION**

Plaintiffs, Keith Raymond and Timothy Strunk, make the within allegations based upon personal knowledge and upon information and belief. Plaintiffs, Keith Raymond and Timothy Strunk, bring this Class Action on behalf of themselves and all other individuals similarly situated and seeking redress for damages resulting from defendants', Avectus Healthcare Solutions, LLC and Mercy Health, refusal to submit claims for health care services for treatment rendered within the State of Ohio to health insuring corporations as required by Ohio R.C. 1751.60. Defendants, in an effort to increase profits, failed and/or refused to seek payment for medical treatment from patient's health insurers, but rather sought payment directly from the patients. Plaintiffs, Keith Raymond and Timothy Strunk, on behalf of themselves and the class, allege, among other things: breach of contract, violations of public policy, violations of the Ohio Consumer Sales Practice Act, violations of the Fair Debt Collection Practices Act, fraud, conversion and unjust enrichment. Plaintiffs, Keith Raymond and Timothy Strunk, on behalf of themselves and the class, seek, among other remedies, injunctive relief, equitable relief, statutory damages, compensatory damages, punitive damages, attorneys' fees and costs.

## JURISDICTION AND VENUE

1. Plaintiffs refer to and incorporate the preceding allegations as if fully rewritten herein.

2. This action is brought pursuant to 15 U.S.C. § 1692 and all other U.S.C code sections. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of State law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

4. Plaintiff, Keith Raymond (hereinafter "Raymond"), is a resident of Batavia, Ohio and at all times relevant herein is the named insured in a health insurance policy of Medical Mutual of Ohio and is entitled to receive benefits for health care services from Medical Mutual of Ohio.

5. Plaintiff, Timothy Strunk (hereinafter "Strunk"), is a resident of Amelia, Ohio and at all times relevant herein is the named insured in a health insurance policy of CareSource and is entitled to receive benefits for health care services from CareSource.

6. Defendant, Avectus Healthcare Solutions, LLC (hereinafter "Avectus"), formerly known as MedPay Assurance, LLC., is a company, corporation and/or other business entity licensed to do business in the State of Ohio with its principal place of business located in Alcorn County, Mississippi and,

among other things, provides debt collection and third party recovery services to medical facilities in the State of Ohio, including, but not limited to, defendant, Mercy Health.

7. Defendant, Mercy Health (hereinafter "Mercy"), is a company, corporation and/or other business entity licensed to do business in the State of Ohio with its principal place of business located in Hamilton County, Ohio and, among other things, employs more than Thirty Three Thousand (33,000) associates in more than 100 organizations, including, Eight (8) senior living communities Eight (8) home health agencies and Twenty Three (23) hospitals, including Mercy Health – Clermont Hospital LLC and Mercy Health – Anderson Hospital LLC, that provide medical care to patients, including, but not limited to, plaintiffs, Raymond and Strunk.

## GENERAL ALLEGATIONS

8. Plaintiffs, Raymond and Strunk, refer to and incorporate the preceding allegations as if fully rewritten herein.

9. On or about February 19, 2015, plaintiff, Raymond, sustained injury after slipping and falling on a wet floor.

10. As a result of the incident, plaintiff, Raymond received medical treatment for his injuries at Mercy Health Anderson Hospital.

11. At all times relevant herein, Mercy is the owner and/or parent company of Mercy Health Anderson Hospital and is liable for the acts and omissions of Mercy Health Anderson Hospital, its agents, servants and/or employees.

4

12. Plaintiff, Raymond, informed the admitting staff at Mercy Health Anderson Hospital that he had health insurance coverage with Medical Mutual of Ohio, a health insurance corporation (hereinafter "HIC") and provided all relevant information necessary to submit claims for coverage to said HIC.

13. Plaintiff, Raymond, received medical treatment from Mercy, its agents, servants and/or employees.

14. Defendant, Mercy, its agents, servants and/or employees generated itemized medical bills that acknowledge and evidence plaintiff, Raymond, had insurance coverage with Medical Mutual of Ohio.

15. Defendants, Mercy and Avectus, have failed and/or refused to submit claims/medical expenses to Medical Mutual of Ohio, plaintiff, Raymond's, HIC.

16. On or about March 30, 2015, defendant, Avectus, sent written correspondence to plaintiff, Raymond's, counsel,stating, among other things:

    a. That Avectus assists Mercy with the coordination of benefits;

    b. That the balance of plaintiff, Raymond's account for medical services provided on February 19, 2015 was in the amount of Seven Thousand Three Hundred Thirty Three and 60/100 Dollars ($7,333.60);

    c. Requesting that plaintiff, Raymond's, attorney sign a letter of protection against any settlement of judgement that would "prevent your client's account from being sent to collections:" and,

    d. That included a letter of protection stating as follows: "I agree to immediately notify Avectus Healthcare Solutions of any settlement, judgment, or dismissal of this claim and, further, agree to withhold and pay directly to Mercy Health Anderson Hospital the balance of any unpaid charges owed by the above individual on this claim should my firm obtain any settlement or judgment for this patient."

17. On or about June 12, 2013, plaintiff, Strunk, sustained injury in an automobile accident.

18. As a result of the accident, plaintiff, Strunk, received medical treatment for his injuries at Mercy Health Clermont Hospital.

19. At all times relevant herein, Mercy is the owner and/or parent company of Mercy Health Clermont Hospital and is liable for the acts and omissions of Mercy Health Clermont Hospital, its agents, servants and/or employees.

20. Plaintiff, Strunk, informed the admitting staff at Mercy Health Clermont Hospital that he had health insurance coverage with CareSource, a health insurance corporation (hereinafter "HIC") and provided all relevant information necessary to submit claims for coverage to said HIC.

21. Plaintiff, Strunk, received medical treatment from Mercy, its agents, servants and/or employees.

22. Defendant, Mercy, its agents, servants and/or employees generated itemized medical bills that acknowledge and evidence plaintiff, Strunk, had insurance coverage with CareSource.

23. Defendants, Mercy and Avectus, have failed and/or refused to submit claims/medical expenses to CareSource, plaintiff, Strunk's, HIC.

24. On or about July 19, 2013, defendant, Avectus, sent written correspondence to plaintiff, Strunk's, counsel, stating, among other things:

   a. That Avectus assists Mercy with the coordination of benefits;

   b. That the balance of plaintiff, Strunk's, account for medical services provided on June 12, 2013 was in the amount of Two Thousand Six Hundred Ninety One and 60/100 Dollars ($2,691.60);

   c. That the balance of plaintiff, Strunk's, account for medical services provided on June 20, 2013 was in the amount of One Thousand and Sixty Four Dollars ($1,064.00);

   d. Requesting that plaintiff, Strunk's, attorney sign a letter of protection against any settlement or judgement that would "prevent any further collection efforts against your client on this account" and,

   e. That included a letter of protection stating as follows: "I agree to immediately notify Avectus Healthcare Solutions of any settlement, judgment, or dismissal of this claim and, further, agree to withhold and pay directly to Mercy Health Clermont

7

>Hospital the balance of any unpaid charges owed by the above individual on this claim should my firm obtain any settlement or judgment for this patient."

25. At all times relevant herein, Ohio R.C. 1751.60 *et seq.* requires that health care facilities shall seek compensation for covered services solely from the health insurance corporation and not, under any circumstances, from the enrollees or subscribers, except for approved copayments and deductibles.

26. At all times relevant herein, defendants have intentionally and systematically refused, failed and/or avoided submitting claims to patient's HIC in an effort to increase profits and force patients, including plaintiffs, Raymond and Strunk, to pay more for medical services than would be paid by the patient's HIC under previously negotiated contractual rates between defendants and a patient's HIC.

27. Defendants are collecting and attempting to collect monies directly from patients in an effort to increase monies above what defendants are entitled under contractual terms with a patient's HIC and in direct violation of Ohio R.C. 1751.60 *et seq.*

28. Defendants are liable for the acts and omissions of their agents, servants and/or employees under the doctrine of Respondeat Superior.

**CLASS ALLEGATIONS**

29. Plaintiffs seek to bring this case as a Class Action, under Federal Rule of Civil Procedure 23, on behalf of themselves and all others similarly situated as members of the proposed Class, defined as follows:

All individuals that are enrollees, subscribers and/or otherwise beneficiaries of a health insurance corporation that Mercy Health and/or Avectus Healthcare Solutions, LLC, its agents, servants, benefits coordinators and/or employees, sought compensation from for covered services rendered within the State of Ohio.

## RULE 23 (A) REQUIREMENTS

30. The members of the Class are so numerous that joinder of all members is impracticable and are expected to be in the thousands.

31. Questions of law and fact common to all class members predominate over any questions affecting only individual class members. Predominating common questions include, but are not limited to, the following:

   a. Was a class member enrolled with an HIC at the time of treatment?

   b. Did defendants submit the claim to the class member's HIC?

   c. Did defendants refuse to submit the claim to the class member's HIC?

   d. Was conduct of defendants intentional, willful and/or wanton?

   e. Is the billing of hospital services a consumer transaction?

   f. Did the defendants violate Ohio R.C. 1345.01?

   g. Did the defendants violate 15 U.S.C. 1692?

   h. Were the defendants unjustly enriched?

32. The claims and defenses of the plaintiffs, as the representative plaintiffs, are typical of the claims and defenses of the Class.

33. Plaintiffs, Raymond and Strunk, as the representative plaintiffs, will fairly and adequately assert and protect the interests of the Class:

    a. Plaintiffs have hired Attorneys who are experienced in prosecuting Class Action claims and will adequately represent the interests of the Class; and,

    b. Plaintiffs have no conflict of interest that will interfere with the maintenance of this Class Action.

## RULE 23 (B) REQUIREMENTS

34. The prosecution of separate actions by or against individual members of the Class would create risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

35. Defendants have acted and/or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.  In order to protect Class Members from Defendant's violation of Ohio R.C. 1345.01, 15 U.S.C. 1692 and public policy, injunctive and declaratory relief with respect to the Class as a whole is necessary, rendering class certification appropriate pursuant to Civil Rule 23(B)(2).

36. A Class Action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Without a Class Action, individual class members would face burdensome litigation expenses, deterring them from bringing suit.

37. The consideration of common questions of law and fact will conserve judicial resources and promote a fair and consistent resolution of these claims.

### COUNT ONE: BREACH OF CONTRACT

38. Plaintiffs refer to and incorporate the preceding allegations as if fully rewritten herein.

39. At all times relevant herein, plaintiffs and defendant, Mercy, entered into an agreement whereby defendant, Mercy, would provide health care services and plaintiffs would compensate defendant, Mercy, for said services.

40. As a condition of Ohio R.C. 1751.60, defendant, Mercy, and its agents, servants and/or employees, including, but not limited to, defendant, Avectus, were required to submit claims for health care services to plaintiffs' HIC.

41. At all times relevant herein, defendants were required by contract and Ohio R.C. 1751.60 to submit all claims for medical payment to plaintiffs' HIC.

42. Defendants have breached their contractual and statutory duties to their patients and the plaintiffs.

43. As a direct and proximate cause of defendants' breach, plaintiffs, Raymond and Strunk, have incurred damages and are entitled to relief further outlined herein.

### COUNT TWO: BREACH OF THIRD PARTY BENEFICIARY CONTRACT

44. Plaintiffs refer to and incorporate the preceding allegations as if fully rewritten herein.

45. Upon information and belief, defendant, Mercy, and plaintiffs' HIC entered into an agreement ("favored nations contract") on behalf of its insureds,

including, plaintiffs Raymond and Strunk, and said insureds, are thus third party beneficiaries of said agreement.

46. Upon information and belief, defendant, Mercy, submitted claims for health services directly to insureds, including, but not limited to plaintiffs, Raymond and Strunk, in excess of the amount negotiated by insureds' HIC.

47. As a direct and proximate cause of defendants' violation of public policy, plaintiffs, Raymond and Strunk, have incurred damages and are entitled to relief further outlined herein.

**COUNT THREE: VIOLATION OF CONSUMER SALES PRACTICES ACT**

48. Plaintiffs refer to and incorporate the preceding allegations as if fully rewritten herein.

49. At all times relevant herein, plaintiffs, are "consumers" as defined in Ohio R.C. 1345.01(D).

50. At all times relevant herein, defendants, their agents, servants and/or employees are a "supplier" as defined in R.C. 1345.01(C).

51. At all times relevant herein, billing is a business practice of defendants and not related to treatment.

52. Plaintiffs and defendants entered into a "consumer transaction" as defined by R.C. 1345.01(A) and defendants, their agents, servants and/or employees are suppliers to a consumer transaction in regard to their billing practices.

53. Defendants, by and through their agents, servants and/or employees, committed acts and practices that were unfair, deceptive and

unconscionable and in direct violation of Ohio R.C. 1345 *et seq.*, including, but not limited to:

    a. knowingly taking advantage of the inability of the consumer to reasonably protect their interests because of mental infirmities, injury, incapacity, ignorance, illiteracy, or inability to understand the language of an agreement in specific violation of Ohio R.C. 1345.03(B)(1);

    b. knowing at the time of the consumer transaction that the price was substantially in excess of the price at which similar services were readily obtainable in similar consumer transactions by like consumers in specific violation of Ohio R.C. 1345.03(B)(2); and,

    c. knowing at the time of the consumer transaction that they were billing the consumer directly for transactions that defendants had no legal right to bill for.

54. As set forth herein, defendants, by and through agents, servants and/or employees, willfully, wantonly and/or intentionally misled and/or deceived plaintiffs regarding several aspects of their consumer transaction.

55. As a direct and proximate result of defendants' violations of the Ohio Consumer Sales Practices Act, plaintiffs have incurred damages and are entitled to relief further outlined herein.

## COUNT FOUR: FAIR DEBT COLLECTION PRACTICES ACT

56. Plaintiffs refer to and incorporate the preceding allegations as if fully rewritten herein.

57. At all times relevant herein, plaintiffs, are a "consumer" as defined under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*

58. At all times relevant herein, defendants, Avectus and Mercy, are "debt collectors" as defined under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*

59. At all times relevant herein, defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.,* including, but not limited to:

   a. Using false, deceptive, or misleading representation or means in connection with the collection of any debt;

   b. Using unfair or unconscionable means to collect or attempt to collect any debt;

   c. Making false representation of the character, amount, or legal status of any debt;

   d. Making false representations of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;

   e. Collecting or attempting to collect a debt that they are not entitled to under Ohio law and Ohio Statute;

   f. Making threats to take any action that cannot legally be taken or that is not intended to be taken;

    g. Using false representation or deceptive means to collect or attempt to collect any debt;

    h. Failing to disclose in communications to consumers that the communication is from a debt collector, that the debt collector is attempting to collect a debt and that any information obtained will be used for purpose of collecting a debt.

    i. Collecting or attempting to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

60. As a direct and proximate result of defendants' violations of the Fair Debt Collection Practices Act, plaintiffs have incurred damages and are entitled to relief further outlined herein.

## COUNT FIVE: COMMON LAW FRAUD

61. Plaintiffs refer to and incorporate the preceding allegations as if fully rewritten herein.

62. At all times relevant herein, in pursuing monies directly from patients, including, but not limited to, plaintiffs, Raymond and Strunk, in a manner barred by Statute, defendants, by and through their agents, servants and/or employees, made false representations of fact and said representations were made with knowledge of falsity or with utter disregard and recklessness about its falsity that knowledge may be concluded.

63. Said representations were material.

64. Said representations were made with the intent of misleading patients, including, but not limited to, plaintiffs, into relying upon them.

65. Patients, including, plaintiffs, were justified in relying upon said representations, and did, in fact, so rely.

66. Patients, including, but not limited to, plaintiffs, were injured and the injury was proximately and/or directly caused by reliance on defendants' representations.

67. Defendants are liable for the actions of their agents, servants and/or employees under the Doctrine of Respondeat Superior.

68. Defendant, Mercy, directly benefitted from the actions of defendant, Avectus.

69. Defendant, Avectus, directly benefitted from the actions of defendant, Mercy.

70. As a direct and proximate result of defendants' acts and/or omissions, by and through its agents, servants and/or employees, plaintiffs, Raymond and Strunk, have incurred damages and are entitled to relief further described herein.

### **COUNT SIX: CONVERSION**

71. Plaintiffs refer to and incorporate the preceding allegations as if fully rewritten herein.

72. At all times relevant herein, in pursuing monies directly from patients, including, but not limited to, plaintiffs, in a manner barred by Statute, defendants,

16

by and through their agents, servants and/or employees, induced or attempted to induce patients to pay the entire amount represented by defendants bill/invoice.

73. At all times relevant herein, by collecting monies from patients, including, but not limited to, the plaintiffs, Raymond and Strunk, in a manner barred by Statute, defendants converted plaintiffs' property.

## COUNT SEVEN: UNJUST ENRICHMENT

74. Plaintiffs refer to and incorporate the preceding allegations as if fully rewritten herein.

75. Defendants, Mercy and Avectus, were conferred a benefit by patients, including, but not limited to, the plaintiffs, who paid monies based upon invalid and/or unlawful medical bills/invoices.

76. Defendants, Mercy and Avectus, appreciated and/or had knowledge of the benefit conferred when defendants accepted monies premised upon the existence of invalid and/or illegal medical bills/invoices.

77. Defendants', Mercy and Avectus, acceptance and/or retention of said benefit, conferred when defendants accepted monies premised upon the existence of invalid and/or illegal medical bills/invoices, makes it inequitable for defendants to wrongfully retain the benefit conferred by patients, including, but not limited to, the plaintiffs, Raymond and Strunk..

## COUNT EIGHT: PUNITIVE DAMAGES

78. Plaintiffs refer to and incorporate the preceding allegations as if fully rewritten herein.

79. Defendants' acts and/or omissions, by and through its' agents, servants and/or employees, were willful, wanton, malicious and/or in bad faith and/or with actual malice, fraud or insult and entitle plaintiffs to punitive damages, including legal fees and expenses.

WHEREFORE, plaintiffs, Keith Raymond and Timothy Strunk, on behalf of themselves and all others similarly situated, pray for judgment as follows:

A. Certifying this action to be a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing the named Plaintiffs as proper class representatives;

B. Awarding Plaintiffs and members of the Class compensatory damages in excess of the minimal jurisdictional amount for this Court;

C. Awarding Plaintiffs and members of the class punitive damages in an amount to be determined by a jury;

D. Grant Injunctive relief suspending all actions of Defendants that violate Ohio R.C. 1751.60;

E. An Order requiring Defendants to comply with Ohio R.C. 1751.60;

F. Awarding Plaintiff and members of the class any and all damages allowed pursuant to Ohio R.C. 1345 *et seq.;*

G. Awarding Plaintiff and members of the class any and all damages allowed pursuant to 15 U.S.C. 1692 *et seq;*

H. Attorney Fees and costs;

I.   Prejudgment and Post-judgment interest; and,

J.   Any and all further relief, both legal and equitable, that the Court may deem just and proper.

Respectfully submitted,

*/s/ Gary F. Franke*
Gary F. Franke            (#0029793)
Michael D. O'Neill        (#0075195)
GARY F. FRANKE CO., L.P.A.
120 East Fourth Street, Suite 1040
Cincinnati, OH  45202
Tel:  (513) 564-9222
Fax: (513) 564-9990

*/s/ C. David Ewing*
C. David Ewing            (#002898)
Ewing & Willis, PLLC
6009 Brownsboro Park Blvd., Ste. B
Louisville, KY 40207
Tel:   (502) 585-5800
Fax:  (502) 585-5858

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby request a trial by jury as to all questions of fact.

*/s/ Gary F. Franke*
Gary F. Franke
Attorney at Law