UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith Raymond, *et al.*,

        Plaintiffs,

        v.

Avectus Healthcare Solutions, LLC, *et al.*,

        Defendants.

Case No. 1:15cv559

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon Defendant Avectus Healthcare Solutions, LLC's Motion for Judgment on the Pleadings. (Doc. 29). These motions have been fully briefed. (Docs. 30, 32, 37).

### I. BACKGROUND

Plaintiffs were treated for injuries at hospitals operated by Defendant Mercy Health ("Mercy"). (Doc. 1, ¶¶ 11, 19). During their admission to the hospitals, Plaintiffs informed Mercy that they had health insurance coverage through health insurance corporations. (Id. ¶¶ 12, 20).

Defendant Avectus Healthcare Solutions, LLC ("Avectus") provides "debt collection and third party recovery services" on behalf of Mercy. (Id., ¶ 6). After Plaintiffs received their medical treatment, Avectus sent a letter to Plaintiffs' legal counsel requesting that legal counsel sign a letter of protection against any settlement or judgment. (Id., ¶¶ 16, 24). The letter of protection stated: "I agree to immediately notify Avectus Healthcare Solutions of any settlement, judgment, or dismissal of this

claim and, further, agree to withhold and pay directly to Mercy Health Anderson Hospital the balance of any unpaid charges owed by the above individual on this claim should my firm obtain any settlement or judgment for this patient." (Id.) Defendants have failed and/or refused to submit the claims or medical expenses to Plaintiff's health insurance corporations. (Id. ¶¶ 15, 23). Plaintiffs claim that the attempt to collect tort proceeds from Plaintiffs is prohibited by Ohio Revised Code § 1751.60.

Plaintiffs bring the following claims: (1) breach of contract, (2) breach of third-party beneficiary contract, (3) violation of the Ohio Consumer Sales Practices Act, (4) violation of the Fair Debt Collection Practices Act, (5) fraud, (6) conversion, (7) unjust enrichment, and (8) punitive damages.

On September 30, 2016, this Court granted Mercy and Avectus' Motions to Dismiss in this case, based on the conclusion that Ohio Revised Code § 1751.60 did not apply to Mercy and Avectus because neither defendant sought compensation from Plaintiffs under a contract between the defendant and one of the plaintiff's health insuring corporations. The Sixth Circuit reversed, and explained:

> The Ohio Supreme Court has narrowly interpreted Ohio Revised Code § 1751.60 to apply only when "a health-care services contract is in place between a provider and a health-insuring corporation" and the provider seeks payment from a "health-insuring corporation's insured." *King*, 955 N.E.2d at 351. That is precisely what Mercy Health and Avectus sought to do in this case.

*Raymond v. Avectus Healthcare Sols., LLC*, 859 F.3d 381, 386 (6th Cir. 2017).

In its current motion, Avectus moves to dismiss Plaintiffs' claims, arguing once again that Ohio Revised Code § 1751.60 does not apply to it.

## II. ANALYSIS

### A. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion. *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

### B. Ohio Revised Code § 1751.60

Avectus argues that Ohio Revised Code § 1751.60 does not apply to Avectus because Avectus is not a "provider" or a "health care facility" as those terms are defined in the statute.

Ohio Revised Code § 1751.60(A) provides:

> every provider or health care facility that contracts with a health insuring corporation to provide health care services to the health insuring corporation's enrollees or subscribers shall seek compensation for covered services solely from the health insuring corporation and not, under any circumstances, from the enrollees or subscribers, except for approved copayments and deductibles.

Ohio Rev. Code § 1751.60(A). A "provider" is defined as "any natural person or partnership of natural persons who are licensed, certified, accredited, or otherwise authorized in this state to furnish health care services, or any professional association organized under Chapter 1785." Ohio Rev. Code § 1751.01(Y). A "health care facility" is defined as "any facility, except a health care practitioner's office, that provides

3

preventive, diagnostic, therapeutic, acute convalescent, rehabilitation, mental health, intellectual disability, intermediate care, or skilled nursing services." Ohio Rev. Code § 1751.01(L).

Avectus argues that Plaintiffs have alleged in the Complaint that Avectus provides "debt collection and third party recovery services." (Doc. 1, ¶ 6). Avectus explains that it serves in the same role as Controlled Credit Corporation ("CCC") in a related case: *Jackson v. Professional Radiology, Inc.*, No. 1:15-cv-00587 (S.D. Ohio). The allegations in *Jackson* are summarized by the Sixth Circuit as follows:

> On April 7, 2014, Barbara Jackson ("Jackson") was injured in an automobile accident and taken by ambulance to University Hospital West Chester ("University Hospital"). Jackson informed University Hospital that she had health insurance coverage through United Healthcare, a health insurance corporation. While at University Hospital, Jackson received treatment from P[rofessional] R[adiology] I[nc.]. PRI uses "MDB" to provide billing services. PRI did not submit treatment charges to United Healthcare. MDB instead sent a letter to Jackson seeking a payment of $1,066 for the balance of her account for services provided by PRI and requesting that Jackson's attorney sign a letter of protection against any settlement of judgment that would prevent Jackson's account from being sent to collections. This letter was followed by two similar letters.
>
> When Jackson did not make a payment, her account was turned over to CCC, which sent a letter to Jackson requesting payment of the balance of $1,066.

*Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 465 (6th Cir. 2017). As part of the appeal in that case, the Sixth Circuit determined that because CCC is neither a provider nor a health care facility, as those terms are defined in Ohio Revised Code § 1751.60, CCC is not bound by Ohio Revised Code § 1751.60. 864 F.3d at 467.

Plaintiffs respond that in *Jackson*, the Sixth Circuit also reversed the dismissal of Defendant M.D. Business Solutions ("MDB"). Plaintiffs argue that Avectus and MDB played the same role in seeking and collecting money from health insured patients.

4

In *Jackson*, the Sixth Circuit explained that "PRI uses 'MDB' to provide billing services." 864 F.3d at 465. The Sixth Circuit also noted that "[t]here is no dispute that PRI and MDB are both healthcare providers and have contracts with Jackson's insurance company, United Healthcare." *Id.* at 467.

The Court concludes based on the allegations in the Complaint, Avectus does not play the same role as CCC, and a distinction can be made between Avectus in this case and CCC in *Jackson*. To begin, Plaintiffs have alleged that Avectus, acted as an agent for Defendant Mercy Health:

> As a condition of Ohio R.C. 1751.60, defendant, Mercy, and its agents, servants and/or employees, including, but not limited to, defendant, Avectus, were required to submit claims for health care services to plaintiffs' [health insurance corporation].

(Doc. 1, ¶ 40). Like MDB in *Jackson*, Plaintiffs alleged that it was Avectus who sent a letter to Plaintiffs' counsel requesting a letter of protection against any settlement or judgement that would "prevent any further collection efforts against your client on this account." (Doc. 1, ¶¶ 16, 24). Unlike CCC, Avectus did not serve in the role of a collection agency who attempted to collect a debt after the plaintiff did not make a payment. Instead, in the letter Avectus sent to Plaintiffs' counsel, Avectus stated that "Avectus assists Mercy with the coordination of benefits." (Doc. 1, ¶¶ 16, 24). Therefore, the allegations in the Complaint are sufficient at this stage in the proceedings to support Plaintiffs' claim that Ohio Revised Code § 1751.60 applies to Avectus.

### III. **CONCLUSION**

Accordingly, Defendant Avectus Healthcare Solutions, LLC's Motion for Judgment on the Pleadings (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

                                                */s/ Michael R. Barrett*
                                              JUDGE MICHAEL R. BARRETT